Rueein, Chief-Justice.
 

 The instructions given the jury are general, that upon the whole case, as appearing upon the evidence, the plaintiff was entitled to recover. If there be, then, a defect in the title of the -lessor of the plaintiff, upon any ground the instruction was erroneous.
 

 
 *248
 
 For the defendant two objections are made to it: the one founded upon the alienage of the lessor of the plaintiff, and the other upon that of her husband, under whom s}¡e c]a;ms dower.
 

 The law seems to be settled, that an alien cannot take by descent, curtesy, dower or other title derived merely from the law.
 
 (7 Rep.
 
 25.) For as an alien has not capacity to hold, the law will not cast an estate on one j as that would be merely for the benefit of the sovereign, ou whom it might as well be thrown atoncc. To avoid that consequence, the alien is put altogether out of the way, and the estate goes to those persons who would take it, if the alien were not in being. But it is said for the plaintiff that the title set up in this suit is not one derived from mere act of law; and that although alienage might have been a bar to a recovery of dower, yet she has recovered it and now claims the land, not by force of her right as widow, but by force of that recovery and the assignment of dower, as an assurance. It is true, that an alien may purchase land and take it in that way though he cannot hold. It may yet be doubted, whether a recovery of dower can be considered a purchase to that purpose j for it is not upon a title alleged generally in the' demandant, which might be by purchase, but upon the very one of dower, as conferred by law.— Again, after the assignment, she is in, not under the heir, but in the
 
 per
 
 by her husband, and in continuation of his estate,
 
 (7 Rep.
 
 37.)- and the heir is said to be only the minister of the law, to carve for her. It may may well be then, while the heir is concluded by the judgment, as to every fact which constitutes the title of the widow as against himself, yet that he is not so concluded as to this matter of alienage, which, in respect to the public policy, avoids the estate of the wife, both as against the wife and the heir. For there seems to be no reason founded in the rights of the widow as a party to the recovery, for holding the heir bound, since she cannot hold; and the question then is, whether the recovery should conclude the heir, merely for the benefit of the sovereign who is not a party to it. It would seem
 
 *249
 
 to me, that since the law denies to the lessor of the plaintiff dower, upon the ground of a personal incapacity to take in that way, an assignment of dower, whether voluntarily by the heir, or by the law itself, is null. As ran alien cannot take an interest in the soil by act of law, it is a fraud on the law, in her to attempt it; which avoids the title set up under it. Indeed it is laid down generally, that an alien cannot maintain real or mixed actions.
 
 (Co. Lit.
 
 31 a.)
 

 The judgment for dower is no estoppel to creditors. The case of
 
 Briley
 
 v.
 
 Cherry
 
 (2
 
 Dev.
 
 2.) cited and approved per Roms, C. J.
 

 But whether the heir be concluded or not, the creditors of
 
 Dorsey
 
 are not; and the case states that
 
 Paul,
 
 the second husband, purchased upon execution for a debt of
 
 Dorsey
 
 against his heirs. If the land descended from
 
 Dorsey
 
 it was thus subject, except such part as the lessor of the plaintiff was
 
 entitled
 
 to as dower. The judgment for dower is no estoppel to the creditors.
 
 (Briley v. Cherry,
 
 2
 
 Dev.
 
 2.)
 

 But upon the case stated, nothing descended from
 
 Dorsey
 
 of which the persons claiming to be heirs, could endow the lessor of the plaintiff; for
 
 Dorsey
 
 himself was an alien, who does not appear to have been naturalized or to have taken the oath of allegiance, as required by the constitution of this State,
 
 (Sec.
 
 40.) As the widow of an alien husband, the lessor of the plaintiff was not dowable.
 
 (Co. Lit.
 
 31
 
 a.)
 
 Nor did'the land descend to any, as his heir,- for, upon his death, the law cast the free hold and inheritance directly upon the soverign.
 
 (Co. Lit.
 
 2 6.) This opinion gops equally to the titles of the lessor of the plaintiff, and of the defendant; but that does not help the former,-who must rely on the strength of her own, and that of the defendant may have become good by time. There must therefore be a'hew trial.
 

 Per Curiam. — Becree agcordinuet.